UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN MCCULLOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 735 CDP |
| | ) |
| CHARTER COMMUNICATIONS | ) |
| (DE), LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER OF REMAND**

Charter Communications managers Terry Bechel, Stacy Hager, and Jamie Clark are properly named as defendants in this employment discrimination lawsuit brought under the Missouri Human Rights Act (MHRA), so I will deny their motion to dismiss. Because complete diversity does not exist in this state-law cause of action, I will grant plaintiff's motion to remand the case to state court.

### **Background**

Plaintiff Bryan McCulloch began working for defendant Charter Communications in 2004 as a broadband technician and received a series of promotions throughout his employment with Charter.

McCulloch suffers from a mental condition for which he must occasionally

take medical leave. McCulloch claims that Charter and the individual defendants – all managers at Charter – changed his work schedule when he returned from a four-month medical leave in March 2016, and repeatedly subjected him to harassment upon his return from this and other medical leaves. McCulloch also claims that Charter refused to permit him to perform required work activities while "on the clock," and that he was therefore required to perform these activities on his own time.

McCulloch began another medical leave in November 2016 and provided medical information to Charter regarding his disability in December 2016 and on January 4, 2017. Defendants terminated McCulloch's employment on January 5, 2017.

McCulloch filed a charge of discrimination with the Missouri Commission on Human Rights on January 26, 2017, and was later issued a notice of right to sue.[1] On April 2, 2018, he filed this action in the Circuit Court of St. Charles County, Missouri, alleging that Charter, Bechel, Hager, and Clark discriminated against him in his employment because of his disability and retaliated against him for engaging in protected conduct, in violation of the MHRA. McCulloch also brings a claim against Charter for unpaid wages and liquidated damages under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, *et seq.* Defendants

---

[1] Defendants aver in their motion to dismiss that McCulloch received this notice on January 13, 2018, but neither the pleadings nor any evidence supports this averment.

removed the action to this Court on May 11, 2018, invoking this Court's diversity jurisdiction. Although McCulloch and the individual defendants are Missouri citizens, defendants claim in their notice of removal that these defendants were fraudulently joined in this action and that their citizenship should be disregarded for purposes of determining diversity jurisdiction.[2]

The individual defendants now seek to dismiss McCulloch's claims against them. I will deny the motion.

**Discussion**

Defendants Bechel, Hager, and Clark argue that individuals are not subject to liability under the MHRA and that McCulloch's MHRA claims against them should therefore be dismissed.

At the time of the alleged discriminatory conduct and when McCulloch filed his charge of discrimination, the MHRA provided that individuals could be held liable under the MHRA. Mo. Rev. Stat. § 213.010(7) (2016). Although that law was amended effective August 28, 2017, and changed the definition of "employer" to exclude individuals, Mo. Rev. Stat. § 213.010(8)(c) (2017), the substantive effect of the amendment precludes it from being applied retroactively to causes of action that accrued prior to its enactment. *See Marshall v. Walgreen Co.*, No. 4:18 CV 331 CDP, 2018 WL 3025813 (E.D. Mo. June 18, 2018). *See also Woodruff v.*

---

[2] Defendant Charter is a citizen of Connecticut and Delaware. There appears to be no dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.

*Jefferson City Area YMCA*, No. 17-4244-CV-C-WJE, 2018 WL 576857, at *3 (W.D. Mo. Jan. 27, 2018); *Billingsley v. Rich Logistics, LLC*, No. 4:17 CV 2834 SNLJ, 2018 WL 1924339, at *2 (E.D. Mo. Apr. 24, 2018); *McGuire v. St. Louis Cty., Mo.*, No. 4:17 CV 2818 CDP, 2018 WL 705050, at *2-3 (E.D. Mo. Feb. 5, 2018). As discussed in *Marshall*, a claim of employment discrimination under the MHRA accrues when the alleged discriminatory conduct occurred, not when the notice of right to sue is issued. *Marshall*, 2018 WL 3025813, at *2-3. Accordingly, individual defendants continue to be liable under the MHRA for discriminatory conduct alleged to have occurred before August 28, 2017. *Id.*

Because all of the discriminatory conduct alleged in this case occurred before August 28, 2017, McCulloch's MHRA claims of employment discrimination against the individual defendants survive. I will therefore deny their motion to dismiss. Further, because McCulloch and the individual defendants are all citizens of Missouri, I will grant McCulloch's motion to remand since complete diversity is lacking in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Terry Bechel, Stacy Hager, and Jamie Clark's Motion to Dismiss [5] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Bryan McCulloch's Motion to Remand [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Charles County, Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2018.